IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M & C INNOVATIONS, LLC,<br><br>              **Plaintiff,**<br>vs.<br><br>IGLOO PRODUCTS CORP.,<br><br>              **Defendant.** | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff M & C Innovations, LLC ("MCI"), by and through its undersigned attorneys, for its complaint against Defendant Igloo Products Corp. ("Igloo"), hereby alleges as follows:

### NATURE OF LAWSUIT AND JURISDICTION

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES AND VENUE

2. Plaintiff M & C Innovations, LLC ("MCI") is a North Carolina limited liability company with its principal place of business at 1829 Queens Road, Charlotte, North Carolina 28207. MCI is the assignee of United States Patent Nos. 8,424,901 ("the '901 patent"); 8,544,872 ("the '872 patent"); 8,668,223 ("the '223 patent"); 9,371,081 ("the '081 patent"); and, 9,586,604 ("the '604 patent"), among others. MCI is owned by Matthew A. and Carolyn Vanderberg. Mr. Vanderberg is an inventor of the asserted patents.

3. Defendant Igloo Products Corp. ("Igloo") is a Delaware corporation with a principal place of business at 777 Igloo Road, Katy, Texas 77494, and a registered agent for service of process at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701. Defendant Igloo transacts business and makes, uses, sells and offers for sale products that infringe the asserted patents in this judicial district through or in conjunction with the place of business in Katy.

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and a substantial part of property that is the subject of the action is situated in this District. Venue is further proper under 28 U.S.C. § 1400(b) because the Defendant has committed acts of infringement and has a regular and established place of business in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

5. MCI owns all right, title and interest in, and has standing to sue for infringement of the '901 patent, entitled "Travel Cooler with Transitionable U-Shaped Handle," issued on April 23, 2013. A copy of the '901 patent is attached as Exhibit 1.

6. MCI owns all right, title and interest in, and has standing to sue for infringement of the '872 patent, entitled "Travel Cooler with Transitionable U-Shaped Handle," issued on October 1, 2013. A copy of the '872 patent is attached as Exhibit 2.

7. MCI owns all right, title and interest in, and has standing to sue for infringement of the '223 patent, entitled "Travel Cooler with Transitionable U-Shaped Handle," issued on March 11, 2014. A copy of the '223 patent is attached as Exhibit 3.

2

8. MCI owns all right, title and interest in, and has standing to sue for infringement of the '081 patent, entitled "Travel Cooler with Transitionable U-Shaped Handle," issued on June 21, 2016.  A copy of the '081 patent is attached as Exhibit 4.

9. MCI owns all right, title and interest in, and has standing to sue for infringement of the '604 patent, entitled "Travel Cooler with Transitionable U-Shaped Handle," issued on March 7, 2017.  A copy of the '604 patent is attached as Exhibit 5.

10. On June 1, 2009, Mr. Vanderberg met with representatives of Igloo in Charlotte, North Carolina.

11. At that meeting, Mr. Vanderberg showed the Igloo representatives an MCI prototype wheeled cooler with a locking U-shaped telescoping handle received within lengthwise recessed slots in the body of the cooler.

12. Mr. Vanderberg also notified the Igloo representatives of the patents on wheeled cooler innovations that MCI had obtained up to that time, and that additional patent applications were pending.

13. After the meeting, on July 20, 2009, Igloo's general counsel, Nicole Fiori, informed Mr. Vanderberg that Igloo was not interested at that time in the "actual developed product" that Mr. Vanderberg had presented to Igloo.  Ms. Fiori did state, however, that Igloo was interested in discussing further the potential for Igloo to "exclusively develop and sell a product that falls within your patented claims."

14. MCI and Igloo exchanged a draft patent license agreement, but were unable to reach an agreement for Igloo to license MCI's portfolio of patents.

15. In approximately 2011, Igloo introduced a new line of "Glide" wheeled coolers, an example of which is shown below:



16. The Igloo Glide family of coolers, including the Glide Marine Elite, Glide 110, Glide 110 Marine, Glide Pro, Maxcold Glide, Yukon Glide and Texas Glide, included features that Mr. Vanderberg presented to Igloo including a locking U-shaped telescoping handle received within lengthwise recessed slots in the body of the cooler.

17. In approximately 2016, Igloo introduced a new line of "Trailmate" wheeled coolers, an example of which is shown below:



18. The Igloo Trailmate family of coolers, including the Trailmate Journey, Trailmate Marine and Trailmate Liddup, included features presented to Igloo by Mr. Vanderberg, including a locking U-shaped telescoping handle received within lengthwise recessed slots in the body of the cooler.

## COUNT I

## DIRECT INFRINGEMENT OF THE '901 PATENT

19. Plaintiff incorporates by reference the allegations of Paragraphs 1-18.

20. Igloo has directly infringed at least claim 1 of the '901 patent by, among other activities, making, using, selling and/or offering for sale its Glide family of wheeled coolers including, but not limited to, the Glide Marine Elite, Glide 110, Glide 110 Marine, Glide Pro, Maxcold Glide, Yukon Glide and Texas Glide (collectively, the "Glide family of wheeled coolers").

21. Among other elements, Claim 1 of the '901 patent claims a travel cooler comprising a body comprising a base, a lid, and sidewalls; a pair of coaxial wheels; and, a U-shaped handle.

22. The Glide family of wheeled coolers are travel coolers with a body that includes a base, a lid and sidewalls, with the base and sidewalls defining an interior, insulated containment space for holding items to be kept cold. The Glide family of wheeled coolers have recessed exterior slots that extend in the lengthwise direction of the cooler.



23.    The Glide family of wheeled coolers have a pair of coaxial wheels attached the body of the cooler.

24.    The Glide family of wheeled coolers have a U-shaped handle for pivoting the cooler about the axis of the wheels.  The U-shaped handle is comprised of two parallel legs that are connected by a handle.



25.    The Glide family of wheeled coolers are transitionable between two configurations, a transport configuration and a stowed-handle configuration.

26.    In the transport configuration, the legs of the U-shaped handle serve as a lever to pivot the cooler about the axis of the wheels so that the cooler may be tilted for rolling the cooler.  In this configuration, the handle portion is distant from the body of the cooler.

6



27. In the stowed-handle configuration, the legs of the U-shaped handle are received within the recessed exterior surface slots of the cooler. The handle portion is not received within the body of the cooler, but instead extends upwardly in close proximity to the end of the body of the cooler.



28. In the stowed-handle configuration, the handle portion extends upwardly above the sidewalls of the body of the cooler at least to an elevation of a portion of the lid of the cooler, as shown below.



29. On information and belief, Igloo intentionally copied features of the 2009 MCI prototype for inclusion in the Glide family of wheeled coolers.

30. Igloo has willfully infringed claims of the '901 patent by making, using, selling and offering for sale the Glide family of wheeled coolers.

## COUNT II

## DIRECT INFRINGEMENT OF THE '872 PATENT

31. Plaintiff incorporates by reference the allegations of Paragraphs 1-18 and 20-28.

32. Among other elements, Claim 1 of the '872 patent claims a travel cooler comprising a body comprising a base, a lid, and sidewalls; a pair of coaxial wheels; and, a U-shaped handle.

33. Igloo has directly infringed at least claim 1 of the '872 patent by, among other activities, making, using, selling and/or offering for sale its Glide family of wheeled coolers. In addition to the specific allegations of Paragraphs 20-28 above, in the stowed-handle configuration, the handle portion is located at a spacing from the body of the cooler in close proximity to an end of the body of the cooler.

34.     On information and belief, Igloo intentionally copied features of the 2009 MCI prototype for inclusion in the Glide family of wheeled coolers.

35.     Igloo has willfully infringed claims of the '872 patent by making, using, selling and offering for sale the Glide family of wheeled coolers.

## COUNT III

## DIRECT INFRINGEMENT OF THE '223 PATENT

36.     Plaintiff incorporates by reference the allegations of Paragraphs 1-18 and 20-28.

37.     Igloo has directly infringed at least claim 1 of the '223 patent by, among other activities, making, using, selling and/or offering for sale its Glide family of wheeled coolers.

38.     Among other elements, Claim 1 of the '223 patent claims a travel cooler comprising a body comprising a base, a lid, and sidewalls; wheels for rolling the cooler; and, a handle for lifting of the cooler for rolling on the wheels.

39.     In addition to the specific allegations of Paragraphs 20-28 above, in the second stowed-handle configuration, the handle portion extends in close proximity to the end of the body of the cooler at least to a portion of the lid of the cooler when the lid is closed, as shown below.  On information and belief, Igloo intentionally copied features of the 2009 MCI prototype for inclusion in the Glide family of wheeled coolers.



40. Igloo has willfully infringed claims of the '223 patent by making, using, selling and offering for sale the Glide family of wheeled coolers.

## COUNT IV

## DIRECT INFRINGEMENT OF THE '081 PATENT

41. Plaintiff incorporates by reference the allegations of Paragraphs 1-18 and 20-28.

42. Igloo has directly infringed at least claim 1 of the '081 patent by, among other activities, making, using, selling and/or offering for sale its Glide family of wheeled coolers.

43. Among other elements, Claim 1 of the '081 patent claims a travel cooler comprising a body comprising a base, a lid, and sidewalls; a pair of coaxial wheels; and, a U-shaped handle.

44. In addition to the specific allegations of Paragraphs 20-28 above, when in the second stowed-handle configuration, the U-shaped handle is in close proximity to the end of the body of the cooler, but can still be used as a handle when stowed for gripping and manipulating the cooler. On information and belief, Igloo intentionally copied features of the 2009 MCI prototype for inclusion in the Glide family of wheeled coolers.

45. Igloo has willfully infringed claims of the '081 patent by making, using, selling and offering for sale the Glide family of wheeled coolers.

## COUNT V

## DIRECT INFRINGEMENT OF THE '604 PATENT

46. Plaintiff incorporates by reference the allegations of Paragraph 1-18.

47. Igloo has directly infringed at least claim 1 of the '604 patent by, among other activities, making, using, selling and/or offering for sale the Trailmate family of wheeled coolers, including, but not limited to, the Trailmate Journey, Trailmate Marine and Trailmate Liddup (collectively, the "Trailmate family of wheeled coolers").

48. Among other elements, Claim 1 of the '604 patent claims a travel cooler comprising a body comprising a base, a lid, and sidewalls; a pair of coaxial wheels; and, a U-shaped handle.

A travel cooler, comprising: a body having an interior, insulated containment space with a height, a width, and a length; wheels for rolling of the cooler; and a handle for lifting of the cooler for rolling on the wheels.

49. The Trailmate family of wheeled coolers are travel coolers with a body that includes a base, a lid and sidewalls, with the base and sidewalls defining an interior, insulated containment space for holding items to be kept cold. The Trailmate family of wheeled coolers have recessed exterior slots that extend in the lengthwise direction between opposite ends of the cooler.



50. The Trailmate family of wheeled coolers have wheels for rolling the cooler.

51. The Trailmate family of wheeled coolers have a handle for lifting the cooler and rolling it on its wheels. The handle includes two legs that are connected by a handle portion.



52. The Trailmate family of wheeled coolers are transitionable between two configurations, one configuration with the handle extended and a second configuration with the handle stowed.

53. In the first configuration, the legs of the handle serve as a lever to lift the cooler for rolling it on its wheels, with the handle portion distant from the body of the cooler.

54. In the second configuration, the legs of the handle extend within the recessed exterior surface slots, with the handle portion extending in close proximity to one end of the cooler.



55. The Trailmate family of wheeled coolers also include a pair of vertically oriented tubular recesses at a first of the opposite ends of the body of the cooler.



56. The Trailmate family of wheeled coolers also include a drain opening for the insulated containment space on the first of the opposite ends of the body of the cooler.



57. The Trailmate family of wheeled coolers also include a storage recess in the lid that stores and retains a tray that fits on the arms when they are extended. The shape of the recess is commensurate with the shape of the tray so that the tray fits within the recess and does not protrude beyond the surface of the lid.

58. On information and belief, Igloo intentionally copied features of the 2009 MCI prototype for inclusion in the Trailmate family of wheeled coolers.

59. Igloo has willfully infringed claims of the '604 patent by making, using, selling and offering for sale the Glide family of wheeled coolers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Igloo, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

      A.     An award of lost profit and/or reasonable royalty damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the Plaintiff's patents began;

      B.     Increased damages as permitted under 35 U.S.C. § 284;

      C.     A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

      D.     A permanent injunction prohibiting further infringement of the asserted patents; and

      E.     Such other and further relief as this Court or a jury may deem proper and just in law and in equity including royalties on future sales.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: August 3, 2017					Respectfully submitted,

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
Federal Bar No. 27206
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

Anthony E. Dowell (*pending pro hac vice motion*)
DOWELL IP
333 W. North Ave #341
Chicago, Illinois 60610
Phone: (773) 687-9886
aedowell@dowellip.com

**ATTORNEYS FOR PLAINTIFF
M & C INNOVATIONS, LLC**